**GRUBB et al. v. UNITED STATES.**

No. 49217.

United States Court of Claims.

Nov. 3, 1953.

---

Thomas D. Caldwell, Harrisburg, Pa., Maurice Yoffee and Caldwell, Fox & Stoner, Harrisburg, Pa., on the brief, for plaintiffs.

John R. Franklin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiffs sue to recover losses on war contracts under the Lucas Act, 60 Stat. 902, as amended by 62 Stat. 869, 992, 41 U.S.C.A. 106 note. That Act provides that a person is entitled to recover his net losses under war contracts, with the limitation, among others, that before August 14, 1945, he should have filed with the governmental agency concerned a request for relief under the First War Powers Act, 50 U.S.C.A.Appendix § 601 et seq. The First War Powers Act gave the governmental agency with whom a contract had been made the power to give relief to a contractor who was suffering a loss on his contract, if to give him such relief would facilitate the prosecution of the war.

Be it said to the credit of the armed services, the agencies involved did not abuse the wide discretion thus granted them. Indeed, Congress thought that at least one of them was construing the Act too narrowly, and so the Lucas Act was passed. But before relief could be obtained under this Act, a request for relief must have been made under the First War Powers Act. Was such a request made?

The first letter relied upon by plaintiffs as such a request was filed before the passage of the First War Powers Act, and, therefore, could not have been a request for relief under that Act. All else aside, that letter, therefore, does not comply with the terms of the Lucas Act.

This request for relief, if such it was, was not renewed after the passage of the First War Powers Act.

By a subsequent letter plaintiffs requested relief from liquidated damages assessed, but this, plainly, was not a request for extra-legal relief, but was based on their allegation that liquidated damages were not assessable under the contract.

The basis of plaintiffs' claim is that they are entitled to recover under the contract. They never claimed extra-legal relief, and such a claim is a prerequisite to recovery under the Lucas Act. Fogarty v. United States, 340 U. S. 8, 71 S.Ct. 5, 95 L.Ed. 10.

Defendant's motion for summary judgment is granted, and plaintiffs' petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.